George CARMACK, Jr., Petitioner,

v.

Ray PAGE, Respondent.

No. A–14431.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1968.

George Carmack, Jr., pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

George Carmack, Jr., filed in this Court his petition for release from confinement in the state penitentiary, alleging that he is being unlawfully imprisoned by the respondent, Ray Page. At the same time, petitioner serves notice on this Court that in the event his petition for release by writ of habeas corpus is denied, he "respectfully moves for an order by the court for a post conviction appeal" as provided by Tit. 22 O.S.A. § 1073.

The Attorney General has filed a response, and attached thereto a certified copy of the appearance docket in case No. 4683, in the district court of Pontotoc County.

From the records on file herein and available to this Court, we find that this petitioner was charged with burglary in the second degree, after former conviction of felony. That he was found guilty by a jury, and after the second phase of the charge was presented, the jury returned a verdict fixing his punishment at five years in the state penitentiary. We further find that this petitioner had the services of a court-appointed attorney at all times during his trial, and that his rights were fully explained to him.

The jury returned its verdicts on March 6, 1967, and the court set sentence date for March 10. The docket shows that on March 7, 1967 the defendant appeared before the court with his attorney, and "waived waiting period between the verdict of the jury and sentencing, and specifically requested the court to impose sentence on the verdict at this time."

From this recitation in the appearance docket, it is the opinion of the Court that this petitioner waived his right to appeal from his conviction. There is nothing in the records before us to indicate that any of this petitioner's rights were violated. We have only the statement of the petitioner concerning any such violations. As we have repeatedly held, petitioner in a habeas corpus action, seeking to set

aside a judgment and sentence regular upon its face, because of the alleged denial of rights, has the burden to introduce proof that is clear and convincing before he will be sustained. No evidence was offered to support petitioner's allegations, and the record furnished to us refutes his contentions.

The writ of habeas corpus is denied; and from the action of the petitioner and his attorney, it is apparent that the right of petitioner to appeal was knowingly and intelligently waived. Therefore, the motion for post conviction appeal is also denied.

NIX, P. J., and BUSSEY, J., concur.